Richard B. Meyer, Esq. Village Attorney, Saranac Lake
You have asked whether one person may serve simultaneously as a member of the town board and as the director of the office of community development in a village located partially within the town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is the legislative body of town government responsible for developing policy on behalf of the town. You have provided the job description for the village's director of community development. This office is responsible for the preparation of applications for Federal and State community development grants and for the administration of funding received for housing assistance and housing rehabilitation programs. Additionally, the director and the village engineer have joint responsibility for supervision of federally funded local public works projects.
It is conceivable that the village and the town might seek funding under the same Federal or State program and thus be in competition for funds. If this was the case, the dual holding of these two positions could at least create an appearance of impropriety based on the divided loyalties of the person holding the two positions. On the one hand, as a member of the legislative body of the town, his responsibility is to advance the interests of the town, while as director of community development for the village, his role is to maximize Federal and State funding for the village. A determination whether such a conflict exists or is likely to arise must be made locally. Otherwise, we see no inconsistencies or conflicts between the duties of the two positions nor is one position subordinate to the other.
We conclude, with one possible exception, that one person may serve simultaneously as a member of a town board and as the director of community development for a village partially located in the town.